SCANNED
DATE: 12/16/04
BY: KM

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04 CV **04 12638 MLW**

| | |
|---|---|
| ROBERT RAIMONDI, <br>       Plaintiff <br><br> v. <br><br> SOUTH FLORIDA <br> YACHT SALES, INC., <br>       Defendant | MAGISTRATE JUDGE Colon <br><br> RECEIPT # 60890 <br> AMOUNT $150 <br> SUMMONS ISSUED yes <br> LOCAL RULE 4.1 <br> WAIVER FORM <br> MCF ISSUED <br> BY DPTY. CLK. KM <br> DATE 12/16/04 |

## COMPLAINT

## AND JURY DEMAND

### PARTIES

1) The Plaintiff is a Natural Individual residing at 219 Gardner Road, Quincy, Norfolk County, Massachusetts 02169.

2) The Defendant is a Florida Corporation with a principal place of business at 2550 S. Bayshore Drive, Suite 2, Miami, Dade County, Florida 33133.

3) The Defendant has a registered agent, John Ruiz, 198 NW 37 Avenue, Miami, Florida 33125.

### JURISDICTION

4) Jurisdiction is based upon Diversity of Citizenship pursuant to 28 U. S. C. 1332.

5) The Plaintiff is a Resident of the Commonwealth of Massachusetts.

6) The Defendant is a Florida Corporation with a principal place of business in Dade County, Florida.

7) The amount in controversy exceeds $75,000.00.

## COUNT I

### RECOVERY OF OVERPAYMENT

8) On or about November 1, 2001 the Plaintiff entered into an agreement with the Defendant to purchase a 2002 Ocean 56 Super Sport Yacht.

9) The Yacht was to be custom built for the Plaintiff by Ocean Yachts and sold to the Plaintiff by South Florida Yacht Sales, Inc. on or about April 15, 2002.

10) The Purchase price to be paid by the Plaintiff to the Defendant was a total of $1,294,248.00.

11) The Plaintiff traded in two yachts for a net trade in of $108,503.04.

12) The Contract provided a credit to the Plaintiff in the amount of $134,248.00 off the list price.

13) The Plaintiff paid the Defendant $1,153,819.00.

14) Due to the fact that the Yacht was being constructed over time, payments were made on account between October, 2001 and April, 2002.

15) On April 16, 2002 a final payment was requested by the Defendant in the amount of $500,000.00.

16) The Plaintiff caused Citizens Bank to send by wire transfer to the Defendant a payment of $500,000.00 which resulted in an overpayment on the account of more then $100,000.00.

17) The Plaintiff, supposing that the amount requested by the Defendant was correct and relying on the Defendant's accounting, paid to the Defendant the final payment of $500,000.00.

18) The Plaintiff discovered the overpayment and sent a demand to the Defendant on February 11, 2004.

19) The Plaintiff, prior to the commencement of this action, demanded repayment from the defendant but no part thereof has been paid.

## COUNT II

### MONEY HAD AND RECEIVED

20) The Defendant owes the Plaintiff $101,000.00 for money had and received from Citizens Bank on April 16, 2002, which money was to be paid by the Defendant to the Plaintiff.

## COUNT III

### VIOLATION OF THE CONSUMER PROTECTION LAW

21) The Defendant is involved in Business.

22) The Defendant was informed of the overpayment.

23) The Defendant promised to review the records of the transaction.

24) The Defendant acknowledges receipt of payments.

25) The Defendant is using unfair and deceptive practices, including denial, that there was an overpayment, refusing to return the overpayment, all in violation of M. G. L. Chapter 93A.

Wherefore, the Plaintiff requests that the Court order the Defendant to

return the overpayment and award the Plaintiff double or triple damages with costs and attorneys fees.

**The Plaintiff demands a Jury Trial**

                                                  Robert Raimondi,
                                                  by his attorney,

                                                  Stuart T. Schrier
                                                  BBO 447190
                                                  Schrier & Balin, P. C.
                                                  1011 Dorchester Avenue
                                                  Boston, MA 02125
                                                  (617) 436-1200
                                                  (617) 436-5649 (FAX)

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. Title of case (name of first party on each side only) ____Robert Raimondi v. South Florida Yacht Sales, Inc.____

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

    ☐  I.    160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

    ☐  II.   195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730,       *Also complete AO 120 or AO 121
             740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.         for patent, trademark or copyright cases

    ☐  III.  110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
             315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
             380, 385, 450, 891.

    ☐  IV.   220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660,
             690, 810, 861-865, 870, 871, 875, 900.

    ☒  V.    150, 152, 153.

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.

    _____

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?

    YES ☐    NO ☒

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest? (See 28 USC §2403)

    YES ☐    NO ☒

    If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?

    YES ☐    NO ☐

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?

    YES ☐    NO ☒

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).

    YES ☒    NO ☐

    A. If yes, in which division do all of the non-governmental parties reside?

    Eastern Division ☒        Central Division ☐        Western Division ☐

    B. If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?

    Eastern Division ☐        Central Division ☐        Western Division ☐

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)

    YES ☐    NO ☐

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME ____Stuart T. Schrier, Schrier & Balin, P.C.____
ADDRESS ____1011 Dorchester Avenue, Boston, MA 02125____
TELEPHONE NO. ____(617) 436-1200____

(Coversheetlocal.wpd - 10/17/02)