UNITED STATE DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04-12638 MLW

```
===========================
                           )
ROBERT RAIMONDI,           )
           Plaintiff       )
                           )
v.                         )
                           )
SOUTH FLORIDA YACHT        )
SALES, INC.,               )
           Defendant       )
                           )
===========================
```

**ROBERT RAIMONDI'S MEMORANDUM OF LAW
IN OPPOSITION TO
SOUTH FLORIDA YACHT SALES, INC'S
MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

The Plaintiff Robert Raimondi (Raimondi) hereby submits this Memorandum of Law in Opposition to South Florida Yacht Sales, Inc.'s (SFY) Motion to Dismiss the Plaintiffs Complaint. As set forth below, the Motion to Dismiss should be denied because (1) this Court has personal jurisdiction over the Defendant SFY by virtue of the Massachusetts' long arm statute; and (2) the Plaintiff has stated a claim upon which relief can be granted.

**INTRODUCTION**

The Plaintiff is a 66 year old lifelong Massachusetts resident. He purchased a 56 foot Ocean Yacht from SFY in October, 2001. The Yacht was delivered in 2002. As

part of the purchase Raimondi traded-in two yachts to SFY. He traded-in a 1997 40 foot Ocean Yacht to SFY and he traded-in a 1999 48 foot Ocean Yacht to SFY. Mr. Raimondi discovered that he had overpaid SFY by $100,000.00. He tried to contact SFY to discuss this matter but he received no response. He had is accountant write to SFY in February, 2004 and SFY denied the overpayment. The trade-in allowance for the 1997 and 1999 Ocean Yachts was $800,000.00. After Mr. Raimondi questioned the overpayment, SFY claimed that the trade-ins were worth less then $800,000.00. They claim that the trade-ins were only worth $700,000.00. While SFY claim that the 2002 56 foot Ocean Yacht was sold to Raimondi in Florida is true, they fail to point out that the 1997 40 foot Ocean Yacht and the 1999 48 foot Ocean Yacht were sold by Raimondi to SFY in Massachusetts. The matter that is in dispute, the value of the trade-ins, occurred in Massachusetts. Raimondi sold the trade-ins in Massachusetts, the trade-ins were docked in Massachusetts, SFY had the trade-ins hauled for inspection and survey in Massachusetts and SFY sent a captain to Massachusetts to pick up the 1997 40 foot Ocean Yacht and bring it to Florida. SFY took possession of the 1999 48 foot Ocean Yacht in Massachusetts and sold that boat in Massachusetts to a Connecticut resident. Raimondi claims that during the transaction there was a simple mistake and an overpayment of $100,000.00. The violation of M. G. L. ch. 93A is that upon discovery of the mistake that SFY is fraudulently denying the mistake. Because the trade-in transaction occurred in Massachusetts jurisdiction should be found to be in Massachusetts.

## STATEMENT OF RELEVANT FACTS

Robert Raimondi is a sixty-six year old adult male resident of Massachusetts. Affidavit of Robert Raimondi, ("Raimondi Aff") §3. He has resided in Massachusetts for his entire life. Raimondi Aff §4.

Raimondi purchased a 1999 48 foot Ocean Yacht for $600,000.00 from South Florida Yachts on March 14, 2000. Raimondi Aff §6. South Florida Yacht Sales arranged to ship that boat from Florida to Massachusetts. Raimondi Aff §7.

In October, 2001 Raimondi went to the Ft. Lauderdale International Boat Show in Fort Lauderdale, Florida. Raimondi Aff §9. At that time he agreed to purchase a 56 foot Ocean Yacht from SFY for $1,244,900.00. Raimondi Aff §10. At that time he had two boats to trade. Raimondi Aff §11. He traded a 1997 40 foot Ocean Yacht and a 1999 48 foot Ocean Yacht as part of the purchase of the 2002 56 foot Ocean Yacht. Raimondi Aff §12. At the time he traded the 1997 40 foot Ocean Yacht, it was docked at Zecco's Marina in Wareham, Massachusetts. Raimondi Aff §13. SFY purchased the boat from him in Massachusetts, and they arranged for a captain to pick up the boat and transport it to Florida. Raimondi Aff §14. At the time he traded the 1999 48 foot Ocean Yacht, it was also docked at Zecco's Marina in Wareham, Massachusetts. Raimondi Aff §15. SFY purchased the 1999 48 foot Ocean Yacht in Massachusetts. They kept the boat at Zecco's Marina in Wareham for a period of time while they attempted to sell the boat. Raimondi Aff §16. Mr. Raimondi believe that SFY arranged to sell the 48 foot Ocean Yacht for about $530,000.00 to a customer in Connecticut. He is informed that an affiliate of Oyster Harbor Marine used boat division may have brokered the sale. Oyster Harbor

Marine is a Massachusetts Boat Broker located in Hyannis, Massachusetts. Raimondi Aff 17. Mr. Raimondi has reason to believe SFY has had numerous other transactions with customers in Massachusetts including selling no less then four other yachts to Massachusetts residents. Raimondi Aff §18.

Mr. Raimaondi agreed to purchase the 56 foot Ocean Yacht for 1,244,900.00 plus optional equipment in the amount of $49,348.00. The Total purchase price was 1,294,248.00. He was given credits in the amount of $134,248.00 which was a discount off the list price. The net purchase price was $1,160,000.00. Raimondi Aff 19. He made seven payments by check and wire transfer to SFY totaling $1,152,281.96. Thus he paid the entire purchase price in by check and wire transfer and receive no net trade in allowance. Raimondi Aff §20. He was supposed to receive a trade in allowance of $800,000.00 for the two trade-ins which were the 1997 40 foot Ocean Yacht and the 1999 48 foot Ocean Yacht. From those trade-in allowances, he was supposed to pay off his existing loans on the trade-ins. Raimondi Aff 21. The payoff on the 40 foot Ocean Yacht was $226,146.96, and the payoff on the 48 foot Ocean Yacht was $465,350.00. Raimondi Aff 22. As a result of these payoffs he should have received a net trade-in allowance of $108,503.04. Raimondi Aff 23. SFY position is that it paid off the trade – ins and gave Mr. Raimondi no credit for the trade-ins. They ask the Court to accept the allegation that there was a modification of the contract without ever informing the Court of what the trade-ins were worth. Navarro Decl §13. The position that there was an amendment to the contract based upon the trade-ins is unsupported by any facts. If Mr. Raimondi is correct and the 1999 48 foot Ocean Yacht was sold for $530,000.00 then any allegations of a modifaction based upon the value of the trade-ins is fraudulent. Further

there is nothing in the memorandum of sale that would have permitted any such modification. SFY is an experienced yacht broker. They knew that the trade-ins should be surveyed prior to agreeing to a $800,000.00 trade in allowance.

Mr. Raimondi made attempts to contact SFY to discuss the overpayment. Raimondi Aff § 24  He received no response. Raimondi Aff § 25.  Mr. Raimondi had his accountant write to Mr. Navarro and Mr. Troccolli to inform them of the overpayment. Raimondi Aff § 26.  SFY never provided any documentation regarding an amendment of the contract nor any proof that the trade-ins were not worth $800,000.00.  On May 7, 2004 Mr. Navarro sent a letter in which he simply stated that he reviewed the records and interviewed the broker and he believed that the amount paid was correct.  He baldly alleges that there was a modification of the trade-in allowance.  Raimondi Aff Exhibit 5. trade-ins were not worth the full $800,000.00 when I read paragraph 13 of the Declaration of Ralph Navarro.  He had first made that allegation in his letter of May 7, 2004 but he did not state what the trades were worth.

SFY had agreed to come to Massachusetts to survey the trade-ins and move them to Florida. Raimondi Aff § 31.  SFY purchased the trade-ins in Massachusetts.  SFY had agreed that if both trade-ins were sold prior to their arrival in Massachusetts to survey and remove the boats that they would give an additional 2% trade-in allowance. Raimondi Aff §32.  SFY had agreed that if Mr. Raimondi was able to arrange a sale of the trade-ins for more than $540,000 for the 48 foot Ocean and more than $260,000 for the 40 foot Ocean, he would get to keep any excess. Raimondi Aff § 33.  There were no provisions in the agreement for any reduction in the trade-in value. Raimondi Aff §34. There was no amendment to the sales agreement due to the trade-ins. Raimondi Aff §35.

## **ARGUMENT - JURISDICTION**

It may be stated as a general rule that a person has a right to seek redress of his grievances in the forum of his domicile, provided that the courts of his domicile can obtain jurisdiction of his adversary. Raimondi alleges that under the Massachusetts long arm statute, Mass. G. L. Ch. 223, §3 that a Court may exercise personal jurisdiction over a Person who acts directly or by an agent, as to a cause of action in law or equity arising from the person's (a) transacting any business in this Commonwealth.

Section 3(a) of the Massachusetts' long arm statute requires that: (1) the non-resident defendant have transacted business in Massachusetts; and (2) the claim arose from the transaction of business in that forum. Raimondi sold two boats to SFY. The boats were docked in Massachusetts and possession of the boats passed from Raimondi to SFY in Massachusetts. SFY sent someone to Massachusetts to Survey the trade-ins. SFY sent a captain to Massachusetts to pick up one boat. SFY kept one boat in Massachusetts and sold that boat from Massachusetts to a resident of Connecticut.

The purchase of two boats in Massachusetts is more then incidental contacts with Massachusetts. Furthermore, the most important part of the entire transaction took place in Massachusetts. The condition of the trade-ins is the only significant factor in the defense raised by SFY. Everyone who has knowledge of the condition of the trade-ins is located in Massachusetts. Even if the written contract for the sale of the 56 foot Ocean Yacht and the trade-in of the 40 foot Ocean Yacht and the 48 foot Ocean Yacht is deemed to have been formed in Florida the delivery of the two boats from Raimondi to SFY was in Massachusetts. SFY argues that neither SFY nor Raimondi performed or

were required to perform any contractual obligations in Massachusetts pursuant to the Contract. This is completely in error.

Mr. Raimondi does not argue that long distance communication, mail or magazine advertisements bring someone under the jurisdiction of Massachusetts.

Mr. Raimondi's claims that he was overcharged arise directly out of the transaction in which his two boats were delivered to SFY in Massachusetts.

Mr. Raimondi does not allege that SFY delivered the 56 foot Ocean Yacht to Massachusetts. He does alleges that SFY picked up the 40 foot Ocean Yacht in Massachusetts and took possession of and sold the 48 foot Ocean Yacht in Massachusetts.

In regard to Due Process requirements it would be reasonable to subject SFY to jurisdiction in Massachusetts because the underlying claims in the litigation directly arises out of and relates to SFY activities in Massachusetts. The purchase of the 48 foot Ocean Yacht and the resale of the 48 foot Ocean Yacht are the underlying activities that are at the center of the dispute. SFY purposely took advantage of the privileges of conducting business in Massachusetts by taking possession of two boats and re-selling one boat in Massachusetts and transporting another boat out of the state. SFY sent someone to Massachusetts to survey both trade-ins. Since the value of the trade-ins is at issue the most effective resolution would take place where the trade-ins were located and transferred. Witnesses familiar with the condition of the trade-ins are located in Massachusetts. The trade-ins had been in Massachusetts for in one case about four years and in the other case almost two years.

## ARGUMENT – FAILURE TO STATE A CLAIM

Mr. Raimondi's claim for violation of M. G. L. Ch. 93A is that once the overpayment was discovered that SFY failed to correct the error. Mr. Raimondi's claim is that after the initial overpayment that SFY concocted a story about the value of the trade-ins being less then previously agreed. Since the trade-ins were located in Massachusetts the injury occurred in Massachusetts when SFY falsely claimed that the trade-ins were not worth $800,000.00 as agreed and took $100,000.00 from Mr. Raimondi by reducing the trade-in allowance.

SFY argument that there is no recognized cause of action for Recovery of Overpayment is flawed. See National Shawmut Bank of Boston v. Fidelity Mut. Life Ins. Co., 318 Mass. 142, 61 N. E. 2nd 18 (1945).

## CONCLUSION

Based upon the foregoing, this Court should deny SFY Motion to Dismiss for Lack of jurisdiction. In addition, this Court should deny the Motion to Dismiss claims for Violation of Consumer Protection Law and Recovery of Overpayment. If the Court determines that it lacks Jurisdiction or that any claims should be dismissed such claims should be dismissed without prejudice. Furthermore, any claims by SFY for costs and expenses, including attorney's fees should be denied as SFY failed to disclose that a significant portion of the transaction took place in the Commonwealth of Massachusetts. If the Court finds that the Motion to dismiss was frivolous or without merit then the Court should award Raimondi his costs and expenses, including attorney's fees, incurred in connection with preparing to oppose the Motion to Dismiss.

**Robert Raimondi**
By his Attorney

*/s/ Stuart T. Schrier*

Stuart T. Schrier
BBO 447190
Schrier & Balin, P. C.
1011 Dorchester Avenue
Boston, Massachusetts 02125
(617) 436-1200
(617) 436-5649 (FAX)