UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ROBERT RAIMONDI, ) | |
| ) | |
| Plaintiff, ) | Civil Action No.: 04-12638-MLW |
| ) | |
| v. ) | |
| ) | |
| SOUTH FLORIDA YACHT ) | |
| SALES, INC., ) | |
| ) | |
| Defendant. ) | |
| ) | |

## SOUTH FLORIDA YACHT SALES, INC.'S MOTION FOR LEAVE TO FILE A REPLY IN SUPPORT OF ITS MOTION TO DISMISS

Defendant South Florida Yacht Sales, Inc. ("SFY") respectfully moves for leave to file a Reply In Support of Its Motion to Dismiss, and states:

1.     On March 8, 2005, SFY filed a Motion to Dismiss plaintiff Robert Raimondi's Complaint for lack of personal jurisdiction and for failure to state claims upon which relief can be granted.

2.     On April 8, 2005, Raimondi filed an Opposition to SFY's Motion to Dismiss and an Affidavit in support.

3.     Raimondi's Opposition is premised upon many incorrect and misleading assumptions. Accordingly, SFY respectfully seeks permission to file a Reply Memorandum so that a correct record can be developed.

4.     Further, for the first time in his Opposition, Raimondi identifies the provision of the Massachusetts long-arm statute on which he relies to sue SFY, a non-resident defendant, in

{M2248417;1}

this Court. Raimondi failed to allege any specific jurisdictional basis in his Complaint. Without jurisdictional allegations, SFY could only assume what provision of the long-arm statute Raimondi was traveling under when he initiated this lawsuit in this Court. Accordingly, a Reply Memorandum is needed to pointedly rebut Raimondi's newly asserted jurisdictional grounds.

5.     For all of these reasons, SFY contends a brief Reply would aid the Court in reviewing this matter. SFY's Reply Memorandum is attached hereto as Exhibit A. The Second Declaration of Ralph Navarro in support of SFY's Reply Memorandum is attached hereto as Exhibit B.

WHEREFORE, SFY respectfully requests leave to file a Reply in Support of Its Motion to Dismiss.

Respectfully submitted,

DEFENDANT,

SOUTH FLORIDA YACHT SALES, INC.

By its attorneys,

Christopher R. O'Hara (BBO #548611)
Zoe Butler-Stark (BBO #658985)
T O D D   &   W E L D   L L P
28 State Street, 31st Floor
Boston, MA 02109
Telephone: (617) 720-2626
Facsimile: (617) 227-5777
cohara@toddweld.com

Of Counsel:

Paul A. Shelowitz, Esq.
Julie E. Nevins, Esq.
AKERMAN SENTERFITT
One Southeast Third Avenue, 28th Floor
Miami, FL  33131-1714
Telephone:  (305) 374-5600
Fax:  (305) 374-5095

## **LOCAL RULE 7.1 CERTIFICATION**

I hereby certify that, pursuant to Local Rule 7.1(A)(2), counsel for both parties conferred on April 22, 2005, by telephone in a good faith attempt to resolve or narrow the issues raised in this motion, and I was informed by Stuart T. Schrier, Esq., counsel for Plaintiff Robert Raimondi, that he assented to this Motion.

Respectfully submitted,

Defendant,
SOUTH FLORIDA YACHT SALES, INC.

By its attorneys,

Christopher R. O'Hara (BBO #548611)
Zoe Butler-Stark (BBO #658985)
TODD & WELD LLP
28 State Street, 31st Floor
Boston, MA 02109
Telephone: (617) 720-2626

Dated: April 22, 2005

EXHIBIT A

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| ROBERT RAIMONDI, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No.: 04-12638-MLW |
| | ) | |
| v. | ) | |
| | ) | |
| SOUTH FLORIDA YACHT | ) | |
| SALES, INC., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**SOUTH FLORIDA YACHT SALES, INC.'S REPLY MEMORANDUM**
**IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

Defendant South Florida Yacht Sales, Inc. ("SFY") hereby submits its Reply Memorandum in Support of its Motion to Dismiss Plaintiff's Complaint, and states as follow:

**A.      The Complaint Should Be Dismissed for Lack of Personal Jurisdiction**

This Court does not have personal jurisdiction over SFY. Plaintiff Robert Raimondi's arguments for this Court's exercise of personal jurisdiction over SFY are based on incorrect assumptions (and not on facts or evidence) which Raimondi erroneously contends sufficiently tie SFY to Massachusetts. In his opposition to SFY's Motion to Dismiss, Raimondi states for the first time that he is relying on the "transacting business test" of the Massachusetts long-arm statute (Mass. Gen. L. Ch. 223, §3). However, in support of his contention that SFY was "transacting business" in Massachusetts, Raimondi submitted a misleading affidavit based on incorrect information in a futile attempt to show that the exercise of personal jurisdiction over SFY would be proper. Many of the faulty assumptions in Raimondi's affidavit were averred on

information and belief and try to create the impression that SFY directs its activities to Massachusetts.

However, the facts show SFY did not transact business in Massachusetts sufficient to haul Raimondi into a Massachusetts court. Any activities SFY may have conducted in Massachusetts are incidental to the claims at issue, and the exercise of personal jurisdiction over SFY would violate the Due Process Clause of the U.S. Constitution.

1.    *Raimondi's Affidavit Contains Incorrect and Misleading Statements*

Raimondi claims SFY sold him a 1999 48 foot Ocean Yacht in 2000. Raimondi Aff. ¶¶5-8. However, Raimondi is wrong. SFY never sold a yacht to Raimondi prior to the sale of the 2002 56 foot Ocean Yacht (the "56' Super Sport") in 2001, which transaction is at issue in this case. SFY likely purchased the 1999 48 foot Ocean Yacht from Golden Yachts, Inc. d/b/a South Florida Yachts. Golden Yachts, Inc. is not connected or related in any way to SFY. *See* Second Declaration of Ralph Navarro ("Second Navarro Decl.") ¶¶4-7, which has been filed concurrently herewith.

Raimondi states on information and belief that SFY sold four yachts to three other Massachusetts residents. Raimondi Aff. ¶18. However, Raimondi is wrong. SFY did not sell two of the four yachts Raimondi describes. Of the two yachts SFY did sell, SFY sold them in Florida and not in Massachusetts. Second Navarro Decl. ¶¶12-15. Further, the yachts SFY sold were delivered to the buyers in Florida. Second Navarro Decl. ¶¶12-15.

Raimondi claims he sold two yachts to SFY in Massachusetts. Raimondi Aff. ¶¶14&16. Raimondi also claims on information and belief that one of the yachts he purportedly sold to SFY in Massachusetts was resold by SFY through the services of a Massachusetts boat broker. Raimondi Aff. ¶17. These statements are incorrect and misleading. SFY did not purchase

anything from Raimondi in Massachusetts. Rather, in Massachusetts, Raimondi delivered two used yachts he traded in to SFY to purchase the 56' Super Sport, which vessel Raimondi purchased from SFY in Florida. Second Navarro Decl. ¶¶8-9. In late 2001, Raimondi signed a sales contract for his purchase of the 56' Super Sport at the Ft. Lauderdale International Boat Show in Ft. Lauderdale, Florida (the "Contract"). Second Navarro Decl. ¶8. The Contract required Raimondi to provide the documents transferring title of the trade in yachts to SFY in Florida. Contract ¶12.[1] However, the Contract did not specify where the delivery of the trade ins would occur. *See generally* Contract.

In addition, SFY engaged the services of Captain John Serafino, located and based in Margate, New Jersey, to drive one of the trade-in yachts to Florida. Second Navarro Decl. ¶10. As concerns the other trade-in, SFY engaged the services of a broker (Alpha Yacht Brokerage), located in South Freeport, Maine, to sell this vessel. Second Navarro Decl. ¶11. Clearly, although Raimondi delivered his two used yachts to SFY in Massachusetts, this delivery was incidental to the sale of the 56' Super Sport.

Thus, the only contact SFY had with Massachusetts was Raimondi's delivery of his two trade-in yachts to SFY in Massachusetts. This is insufficient to support the exercise of personal jurisdiction over SFY. *Lyle Richards Int'l, Ltd. v. Ashworth, Inc.*, 132 F.3d 111, 112-114 (1st Cir. 1997).

---

[1]  A copy of the Contract for the sale of the 56' Super Sport was attached to the First Declaration of Ralph Navarro and to the Declaration of Thomas Troccoli, Jr., previously filed with the Court. Paragraph 12 of the Contract provided:

> The trade-in will become your [SFY's] property on the date it is physically delivered to you. I [Raimondi] will also deliver to you a certificate of title or registry showing the name of the sole owner, together with a proper bill of sale or other instrument(s) of transfer sufficient to convey the title to you; **to your place of business**.
> If my Trade-in is registered or licensed in a state outside of the one where this order [Florida] is written, I will immediately have the trade-in licensed and/or registered in the state you indicate and I will pay any and all expenses and registration, if requested to do so. (Emphasis added)

2.    This Court Lacks Personal Jurisdiction Over SFY Because SFY Was Not "Transacting Business" in Massachusetts

The "transacting business test" is intended to "identify deliberate, as distinguished from fortuitous, contacts with the forum by the non-resident party." *Lyle Richards Int'l*, 132 F.3d at 111. Exercise of personal jurisdiction through this test is viewed as an assertion of jurisdiction to the limits allowed by the U.S. Constitution. *See id.* at 112-113l; *Whittaker Corp. v. United Aircraft Corp.*, 482 F.2d 1079, 1083 (1st Cir. 1973). The "transacting business test" is often analyzed by looking at where the nonresident party initiated or solicited the purported business transaction. *See Lyle Richards Int'l*, 132 F.3d at 113.

Taking delivery of Raimondi's trade-ins in Massachusetts was not required, much less contemplated, by the parties' contract. Delivery could have been taken in any state. The location of the delivery was a minor and incidental part of the transaction. Had Raimondi failed to perform his obligations under the contract (including the delivery of the yachts), the contract specified that Florida's Uniform Commercial Code was applicable, which is just another factor demonstrating the transaction's connection to Florida. *See* Contract ¶4.[2]

SFY did not purposefully avail itself of the benefits of transacting business in Massachusetts, much less purposefully decide to participate in Massachusetts' local economy.

---

[2] The Contract provided:

> Failure To Complete Purchase. If I [Raimondi] fail to complete this purchase within the time frame specified by the agreed upon terms of this contract or as specified in the Uniform Commercial Code of the **state of your [SFY's] jurisdiction** or within an agreed upon extension of time, for any reason other than cancellation because of an increase in price, you may keep that portion of my cash deposit which will reimburse you for your expenses and other losses because I failed to complete my purchase. If I have given you a trade-in, you may sell the trade-in, at public or private sale, and deduct from the money received an amount equal to the expenses and losses you have incurred because I failed to complete this purchase. I understand you [SFY] shall have all the rights of a seller upon breach of contract, under the Uniform Commercial Code 2-708, 2-710, 2-718 of the Uniform Sales Act (as applicable). In the event the legal action is brought by the dealer for the enforcement of the terms of this agreement or that the purchase agreement shall be referred to an attorney who takes action in any manner to enforce said agreement, purchaser agrees to pay reasonable attorney fees and court costs incurred by the dealer.

Contract ¶4 (emphasis added).

*Bond Leather Co. v. Q.T. Shoe Mfg Co., Inc.*, 764 F.2d 928, 933-935 (1st Cir. 1985). SFY did not initiate or solicit the sale of the 56' Super Sport to Raimondi in Massachusetts. Rather, Raimondi initiated the transaction by attending the Ft. Lauderdale International Boat Show in Ft. Lauderdale, Florida, where he signed the Contract for the yacht. Raimondi Aff. ¶¶9-10; Declaration of Tom Troccoli ¶¶6&7; First Declaration of Ralph Navarro ¶8. The delivery of the trade-ins in Massachusetts was not a purposeful act directed at Massachusetts. Indeed, SFY engaged the services of third parties located in other states -- in New Jersey and in Maine -- to drive one yacht to Florida and to resell the other yacht.

Neither do Raimondi's claims arise from the delivery of the trade-ins in Massachusetts. In his Complaint, Raimondi alleges that he paid more for the 56' Super Sport than the Contract provided. Raimondi alleges that SFY has denied the overpayment and has not returned his money. Complaint ¶¶16, 18, 19, 20-25. Raimondi made all payments to SFY in Florida, including agreeing to trade in his two yachts as part consideration for the 56' Super Sport. In addition, SFY's accounting for the transaction was done in Florida. Based on the foregoing, it cannot be said that Raimondi's delivery of his trade-ins in Massachusetts constituted the first step in a train of events resulting in Raimondi's purported injury. *Lyle*, 132 F.3d at 114.

Further, Raimondi has alleged nothing more than a contract type case. The delivery of the trades in Massachusetts was neither instrumental in the formation of the parties' Contract nor in SFY's purported retention of funds that Raimondi claims he paid above the agreed contract price. *See Philips Exeter Academy v. Howard Phillips Fund, Inc.*, 196 F.3d 284 (1st Cir. 1999). There is nothing in the Contract requiring SFY to take delivery in Massachusetts. The only significance the delivery location had was to determine where the risk of loss for the trade ins would transfer. For this reason also, Raimondi's claims cannot be considered to have arisen from

the delivery of his trade-ins in Massachusetts. *Lyle*, 132 F.3d at 114.  Nor can the delivery location be considered sufficiently related to Raimondi's claims to support the exercise of personal jurisdiction on due process grounds.  *See Bond Leather Co.*, 764 F.2d at 933-935.

### B.    Raimondi Cannot State A Claim for Violation of the Consumer Protection Law

Raimondi's Opposition to SFY's Motion to Dismiss makes clear that he has no claim for violation of Massachusetts' Consumer Protection Law.  Raimondi claims that SFY's denial that Raimondi overpaid for the 56' Super Sport constitutes unfair or deceptive conduct.  Raimondi bases this count on SFY's purported refusal to return an alleged overpayment.  Complaint ¶¶21-25.  Accordingly, Raimondi fails to allege any facts rising to the level of unfair or deceptive act or practice as required under Mass. G.L. Ch. 93A.  *See Callahan v. Harvest Board Int'l, Inc.*, 138 F.Supp.2d 147, 166 (D. Mass 2001).  Further, Raimondi fails to allege or claim any injury apart from the alleged overpayment for the yacht.  Raimondi cannot convert what is essentially an alleged breach of contract claim into a tort.  *See Lyle*, 132 F.3d at 114.

### C.    Raimondi's Claim for Recovery of Overpayment Is Defective As a Matter of Law

In his Opposition, Raimondi argues that his claim for "Recovery of Overpayment" is an unjust enrichment claim.  To the extent that Raimondi is now seeking relief for unjust enrichment, he has failed to plead the essential elements of that claim.  The requisite elements are: (1) an enrichment; (2) an impoverishment; (3) a relation between the enrichment and the impoverishment; (4) the absence of justification; and (5) the absence of a remedy at law.  *See In re: Lupron Marketing & Sales Practices Litigation*, 295 F.Supp.2d 148, 182 (D. Mass. 2003).  Further, Raimondi has alleged at least one claim for a remedy at law – Count II for Money Had

and Received – which appears to be duplicative of Count I for Recovery of Overpayment and shows Raimondi has a legal remedy, to the extent Raimondi has a case. *See id.*[3]

**D.    Conclusion**

Based on the foregoing, this Court should dismiss Plaintiff's Complaint for lack of personal jurisdiction. In addition, Count I for Recovery of Overpayment should be dismissed for failure to state a claim and because it is duplicative of Count II for Money Had and Received. Lastly, Count III for Violation of the Consumer Protection Law should be dismissed for failure to state a claim. That count is nothing more than a contract-based claim.

                              Respectfully submitted,

                              Defendant,
                              SOUTH FLORIDA YACHT SALES, INC.

                              By its attorneys,

                              Christopher R. O'Hara (BBO #548611)
                              Zoe Butler-Stark (BBO #658985)
                              TODD & WELD LLP
                              28 State Street, 31st Floor
                              Boston, MA 02109
                              Telephone: (617) 720-2626

Of Counsel:

Paul A. Shelowitz, Esq.
Julie E. Nevins, Esq.
AKERMAN SENTERFITT
One Southeast Third Avenue, 28th Floor
Miami, FL 33131-1714
Telephone: (305) 374-5600
Fax: (305) 374-5095

---

[3] A problem with Count II for Money Had and Received is that this count fails to incorporate by reference any of the factual allegations made in the previous paragraphs of the Complaint. Thus, Count II is simply a legal conclusion in the absence of any allegations of ultimate facts.

EXHIBIT B

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|                                              |     |                                    |
| -------------------------------------------- | --- | ---------------------------------- |
| ROBERT RAIMONDI,                             | )   |                                    |
|                                              | )   |                                    |
|         Plaintiff,                           | )   | Civil Action No.: 04-12638-MLW     |
|                                              | )   |                                    |
| v.                                           | )   |                                    |
|                                              | )   |                                    |
| SOUTH FLORIDA YACHT                          | )   |                                    |
| SALES, INC.,                                 | )   |                                    |
|                                              | )   |                                    |
|         Defendant.                           | )   |                                    |
|                                              | )   |                                    |

## SECOND DECLARATION OF RALPH NAVARRO

I, RALPH NAVARRO, declare as follows:

1.    I am President and Director of South Florida Yacht Sales, Inc. ("SFY"), and I have personal knowledge of the matters set forth in this declaration.

2.    I have read the Affidavit of Robert Raimondi dated April 8, 2005, which was filed in support of Plaintiff's Opposition to South Florida Yacht Sales, Inc.'s Motion to Dismiss.

3.    I found a number of incorrect statements in Mr. Raimondi's affidavit.

4.    For example, Robert Raimondi claims to have purchased a 1999 48 foot Ocean Yacht from "South Florida Yacht Sales." However, South Florida Yacht Sales, Inc. ("SFY") did not sell this yacht to Mr. Raimondi. SFY was incorporated in Florida in 2001. SFY was not in business in 1999 when Mr. Raimondi claims to have purchased that yacht. Raimondi likely purchased the yacht from Golden Yachts, Inc. d/b/a "South Florida Yachts." SFY is not related to Golden Yachts.

{M2247055;2}

5.     In addition, paragraph 6 of his affidavit, Mr. Raimondi claims to have purchased the 1999 48 foot Ocean Yacht from a salesman named John Lebevero.  I do not know a John Levebero.

6.     In paragraph 7 of his affidavit, Mr. Raimondi claims that SFY arranged to ship the 1999 48 foot Ocean Yacht from Florida to Massachusetts.  SFY did not sell Mr. Raimondi the 1999 48 foot Ocean Yacht, much less arrange to ship the yacht from Florida to Massachusetts.

7.     In paragraph 8 of his affidavit, Mr. Raimondi claims that the 1998 48 foot Ocean Yacht was brought to Atlantic City, New Jersey due to bad weather.  As explained above, SFY had nothing to do with the sale or the shipment of that yacht.

8.     Mr. Raimondi did purchase a 2002 Ocean 56 foot Super Sport yacht manufactured by Ocean Yachts (the "56' Super Sport") from SFY in Florida, which transaction is at issue in this lawsuit.

9.     As part payment for his purchase of the 56' Super Sport, Mr. Raimondi traded in two used yachts to SFY.  These yachts were a 1997 40 foot Ocean Yacht and a 1999 48 foot Ocean Yacht.  SFY did not "purchase" the trade-ins from Mr. Raimondi in Massachusetts, as Mr. Raimondi claims in his affidavit.  Rather, Mr. Raimondi delivered the trade-ins to SFY in Massachusetts.

10.     Meanwhile, SFY engaged the services of Captain John Serafino, located in Margate, New Jersey, to drive the 40 foot Ocean Yacht from Massachusetts to Florida.

11.     SFY sold the 1999 48 foot Ocean Yacht through the services of a broker named Alpha Yacht Brokerage, located in South Freeport, Maine.

12.    In paragraph 18(a) of his affidavit, Mr. Raimondi incorrectly claims on information and belief that SFY sold a 1995 Ocean Yacht to Daniel Evans, Sr. of Massachusetts. However, contrary to Mr. Raimondi's belief, SFY has not sold any yachts to Mr. Evans.

13.    In paragraph 18(b) of his affidavit, Mr. Raimondi incorrectly claims on information and belief that SFY sold a 48 foot Ocean Yacht to Al Ryalls of Massachusetts. However, contrary to Raimondi's belief, SFY did not sell a 48 foot Ocean Yacht to Al Ryalls.

14.    In paragraph 18(c) of his affidavit, Mr. Raimondi claims on information and belief that SFY sold a 2004 52 foot Ocean Yacht to Mr. Ryalls of Massachusetts. Mr. Ryalls purchased and took delivery of the yacht in Florida. He docks the yacht in Florida.

15.    In paragraph 18(d) of his affidavit, Mr. Raimondi claims on information and belief that SFY sold a 2004 56 foot Ocean Yacht to Jeff O'Bickinski of Massachusetts. SFY sold a 2004 56 foot Ocean Yacht to Mr. O'Bickinski in Florida and delivered that yacht in Florida.

16.    SFY does not do business in Massachusetts.

17.    Paragraph 12 of the contract with Mr. Raimondi (which is attached to my first declaration) provided: "The trade-in will become your [SFY's] property on the date it is physically delivered to you. I [Raimondi] will also deliver to you a certificate of title or registry showing the name of the sole owner, together with a proper bill of sale or other instrument(s) of transfer sufficient to convey the title to you; **to your place of business**. If my Trade-in is registered or licensed in a state outside of the one where this order [Florida] is written, I will immediately have the trade-in licensed and/or registered in the state you indicate and I will pay any and all expenses and registration, if requested to do so." (Emphasis added)

18.    Mr. Raimondi incorrectly claims in paragraph 34 that there were no provisions in the sales contract for any reduction in the trade-in value. The first page of the contract

Civil Action No : 04-12638-MLW

underneath the heading in the first column entitled "DESCRIPTION OF TRADE-IN"
specifically states that the "[t]rade-in is subject to survey & all survey items will be repaired or
paid for by client before closing." The contract is attached to my initial declaration as Exhibit A.

19.     I declare under penalty of perjury that the foregoing is true and correct.

Dated: April 19, 2005.

_____
RALPH NAVARRO, President
South Florida Yacht Sales, Inc.

{M2247055;2}                                    4